Delbert O. LEWIS *v.* Lambert B. WEST, Chairman of the
Independent Party of Arkansas, Wayne M. Grommet, Secretary
of the Independent Party of Arkansas, and W.J. "Bill"
McCuen, Arkansas Secretary of State, and Skip Cook

94-1073                                              884 S.W.2d 604

Supreme Court of Arkansas
Opinion delivered October 12, 1994
[Rehearing denied October 28, 1994.]

*James F. Lane*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Angela S. Jegley*, Senior
Asst. Att'y Gen., for cross-appellant Secretary of State Bill
McCuen.

*Mackey & Wills, P.A.*, by: *Frank J. Wills, III*, for appellees.

PER CURIAM. On October 7, 1994, the Pulaski County Circuit Court entered an amended and substituted order that required the Secretary of State to certify the appellee, Skip Cook, as a gubernatorial nominee of the Independent Party of Arkansas for the November 8, 1994, general election. The appellant, Delbert O. Lewis, claims that he is entitled to and should be certified as the party's gubernatorial nominee. On Friday, October 7, 1994, Mr. Lewis filed notice of appeal and a petition in this court asking for expedited consideration of his appeal and requesting that an order be entered expediting the briefing and submission schedule of this court.

This court, through its clerk, directed all parties to this action to file contemporaneous briefs by noon Friday, October 14, 1994,

and further directed the clerk of the court to advise the parties that each side would be given ten minutes oral argument on the matter on Monday, October 17, 1994, or as soon thereafter as convenient to the court.

We are mindful of the fact that the county board of election commissioners is required to "prepare official absentee ballots and deliver them to the county clerk for mailing to all qualified applicants as soon as practicable before the last day on which the ballot will be counted *but in any event not less than twenty-five (25) days before any election.*" Ark. Code Ann. § 7-5-407 (Repl. 1993) (emphasis added). This motion to expedite was presented to us on October 7. The election is on November 8. There are only twenty-six days between now and the date of the election, and briefs on the appeal have yet to be filed. It may be impossible at this point for both sets of briefs to be prepared and for this court to take this case under advanced submission, prepare an opinion, and issue a writ, if appropriate, in time for the county election officials to perform their statutory duty.

■ Under these circumstances, we order an oral argument of the matter on Monday, October 17, 1994, at 9:00 a.m., or as soon thereafter as convenient to the court, to consider whether any appropriate action might immediately be taken. Each side will be allowed ten minutes. If no appropriate action can be taken on an expedited basis, we will consider the appeal in due course and will answer any questions that we think should be answered.

Argument ordered.